IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:99-CR-34-1H
No. 4:14-CV-229-H

DUANE TRAVOEY WHITAKER,            )
                                   )
    Petitioner,                    )
                                   )
                                   )
v.                                 )     **ORDER**
                                   )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
    Respondent.                    )
                                   )

This matter is before the court on petitioner's motion for a writ of error coram nobis vacating his conviction and dismissing the indictment in this matter, [DE #17]. The government has responded in opposition, [DE #30], and petitioner's motion to extend time to file a response, [DE #32], is hereby GRANTED, and petitioner's reply, [DE #33], is considered timely filed by this court. This matter is ripe for adjudication.

### BACKGROUND

On September 7, 1999, petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [DE #9]. On December 14, 1999, petitioner was sentenced to a term of imprisonment of 57 months and 3 years' supervised release.

[DE #11]. On December 8, 2014, petitioner filed his first motion to vacate under 28 U.S.C. § 2255, [DE #16]. On December 17, 2014, petitioner filed his corrected motion to vacate, [DE #17]. On December 18, 2014, the US Attorney was directed to file an answer. On February 19, 2015, the government filed a motion to dismiss petitioner's motion to vacate, [DE #24]. On March 16, 2015, petitioner filed a response, [DE #27]. On May 3, 2016, this court entered an order granting petitioner's request to treat his motion as a writ of error coram nobis. As directed by the court, the government filed a response to the motion recharacterized as a writ of error coram nobis, [DE #30]. Petitioner, through counsel, filed a response, [DE #33].

Petitioner argues that pursuant to United States v. Simmons, 649 F.3d 237, 244 (4th Cir. 2011) (en banc), he was not convicted of a crime punishable by imprisonment for a term exceeding one year at the time of his offense and therefore is actually innocent of this § 922(g) offense. In Simmons, the Fourth Circuit held "that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence." Miller v. United States, 735 F.3d 141, 144 (4th Cir. 2013) (citing Simmons, 649 F.3d at 244). While the government acknowledges that following Simmons, petitioner does not have a conviction for a crime

2

punishable by imprisonment for a term exceeding one year (absent the offense at issue here), the government still argues the motion should be denied. The government bases this argument on petitioner's failure to offer a valid basis for failing to file his motion until more than three years had passed following the issuance of Simmons. Additionally, the government argues petitioner has neither alleged nor demonstrated consequences arising from his conviction.

## COURT'S DISCUSSION

A writ of error coram nobis, authorized by 28 U.S.C. § 1651(a), affords the same general relief as a writ of habeas corpus but does not require that the petitioner be in custody. United States v. Morgan, 346 U.S. 502, 510-11 (1954). As the Supreme Court has noted, "the results of a wrongful conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." Id. at 512 (citing Fiswick v. United States, 329 U.S. 211, 222 (1946)). Because of the collateral consequences of conviction, the writ of error coram nobis is available to a petitioner after his release from custody. United States v. Mandel, 862 F.2d 1067, 1074-75 (4th Cir. 1988) (citing Morgan, 346 U.S. at 507-11).

> While historically this common law writ was used to correct fundamental errors of fact, Mandel recognized that the writ may also be issued to correct fundamental errors of law. [Mandel, 862 F.2d at 1075]. Such an error may occur when a significant change in the law following

3

a conviction means that the defendant was convicted for
conduct that is no longer illegal.

United States v. Interstate Gen. Co., L.P., 39 F. App'x 870, 873
(4th Cir. 2002).

Petitioner contends, and the government does not dispute,
that his prior convictions no longer qualify as predicate felonies
for purposes of his conviction for possession of a firearm in
violation of 18 U.S.C. § 922(g)(1). Therefore, petitioner argues,
he is actually innocent of the offense and his conviction must be
vacated.

Interestingly though, the government opposes petitioner's
motion, arguing that petitioner has failed to meet two of the four
"essential prerequisites" required to succeed on a coram nobis
request. Bereano v. United States, 706 F.3d 568, 576 (4th Cir.
2013).

> First, a more usual remedy (such as habeas corpus) must
> be unavailable; second, there must be a valid basis for
> the petitioner having not earlier attacked his
> convictions; third, the consequences flowing to the
> petitioner from his convictions must be sufficiently
> adverse to satisfy Article III's case or controversy
> requirement; and finally, the error that is shown must
> be "of the most fundamental character."

Id. at 576 (citing United States v. Akinsade, 686 F.3d 248, 252
(4th Cir. 2012).

Petitioner has responded, through counsel, giving ample
evidence that he has met the second and third prerequisites.
First, in petitioner's § 2255 motion, prior to its classification

4

as a writ of error coram nobis, petitioner alleged he was personally unaware of the issuance of Simmons and did not know he could contest his conviction due to his guilty plea. [DE #17]. Second, petitioner notes that because he completed his supervised release before Simmons was issued, the Office of the Federal Public Defender did not have occasion to review petitioner's § 2255 motion until the appointment to represent him subsequent to his filing for relief pursuant to Simmons. [DE #33].

As to prerequisite three, the court finds consequences from his conviction to be sufficiently adverse to satisfy Article III's case or controversy requirement. In addition to the serious consequences that flow from every federal felony conviction, petitioner's prior record level and criminal history score affect his sentencing in other cases. As the Supreme Court found initially in Morgan, "[s]ubsequent convictions may carry heavier penalties." Morgan, 346 U.S. 512.

Finding that petitioner has satisfied all the necessary prerequisites to succeed on his coram nobis request and finding that petitioner is actually innocent of the conviction he seeks to vacate, the court hereby grants petitioner's motion and VACATES the judgment of December 14, 1999.

**CONCLUSION**

For the foregoing reasons, the court GRANTS petitioner's motion to extend time to file a reply, [DE #32], and additionally GRANTS petitioner's motion for a writ of error coram nobis [DE #17] and hereby VACATES this court's December 14, 1999, judgment of conviction.

This 13th day of February 2018.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35